# United States District Court, Northern District of Illinois

JSG

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2911 | **DATE** | 4/26/2004 |
| **CASE TITLE** | Waleska Victoria Castillo Crespo vs. Illinois Secretary of State Investigator, Randy Railey | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
       ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion for summary judgment is granted. Status hearing set for 5/24/04 is stricken. Jury Trial set for 7/26/04 is stricken. Any other pending dates are stricken. Any other pending motions are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | APR 27 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | JXM | 19 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TH ✓ | courtroom deputy's initials | 2004 APR 26 PM 2:23 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WALESKA VICTORIA CASTILLO CRESPO, | ) | |
| | ) | |
| Plaintiff, | ) | No. 03 C 2911 |
| | ) | |
| v. | ) | |
| | ) | |
| ILLINOIS SECRETARY OF STATE INVESTIGATOR, | ) | |
| RANDY RAILEY, | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
APR 27 2004

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiff Waleska Victoria Castillo Crespo ("Castillo") has sued Defendant Randy Railey, Illinois Secretary of State ("SOS") Investigator, pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant violated her civil rights by arresting her without probable cause. Defendant has moved for summary judgment. For the reasons set forth below, Defendant's motion is granted.

### BACKGROUND

Plaintiff was born in Cook County, Illinois and lived in Puerto Rico until August of 2002. She lived in Illinois until the age of three, when her family moved to Puerto Rico. School District U46 held a recruiting session in Puerto Rico to recruit teachers to work in the United States. Castillo accepted a teaching position with the District. She thereafter signed a contract with the District to teach at Larkin High School in Elgin, Illinois during the Fall 2002/Spring 2003 school year.

Defendant Randy Railey is employed by the Illinois SOS Police Department as an investigator. He has over 21 years experience in law enforcement, and has worked with the SOS

police since April of 2000. His duties include making traffic stops, conducting criminal investigations and testifying in court. The SOS trained Railey in dealing with false documents and identifying fraudulent identification cards. Before August 16, 2002, Officer Railey had reviewed documents brought to him by SOS employees on 50-100 occasions, and had arrested an estimated 75 to 100 people for having fraudulent documents.

In 2002, Officer Railey worked both from an office and from his squad car. He also used the SOS facility in Elgin as a substation to complete paperwork. When working in the SOS office building, one of Railey's responsibilities is to advise the clerical staff of the validity of identification documents. When Officer Railey questions the validity of documents submitted to the SOS, he normally takes the person into custody, creating a detention situation, until he conducts further investigation.

On August 16, 2002, Castillo went to the SOS's office in Elgin, Illinois to apply for an Illinois driver's license. Castillo presented three forms of identification to Sherry Soderberg, an SOS employee, at the Elgin license facility: an original, laminated social security card; a Cook County, Illinois birth certificate; and a driver's license from Puerto Rico. Some of the numbers on her driver's license were not fully printed and hard to read. Soderberg took Castillo's forms of identification to Officer Railey for review because she thought Castillo's driver's license had been altered. After reviewing the identification forms, Officer Railey arrested Castillo for making a false application for a driver's license. He had never seen the Puerto Rican driver's license format submitted by Castillo, the numbers on her license were not fully printed, and he observed a pen and ink change on the social security card. Railey arrested Castillo at the counter, handcuffed her hands behind her back, and took her into custody. Railey took Castillo to his

2

office, removed her hands from behind her back, removed one cuff and attached it to the wall. Castillo sat in a chair.

Officer Railey then verified Castillo's social security number, reviewed other identification documents in Castillo's purse, including her credit cards and voter registration card, and reviewed a book in his vehicle which contained a picture of a Puerto Rico license that matched Castillo's license format. Officer Railey released Castillo and she received her Illinois driver's license. The entire incident with Officer Railey lasted approximately 25 minutes.

## ANALYSIS

### I. Legal Standard

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986)). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986). A party will successfully oppose summary judgment only if it presents "definite, competent evidence to rebut the motion." *Equal Employment Opportunity Comm'n v. Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000). The

Court "considers the evidentiary record in the light most favorable to the nonmoving party, and draws all reasonable inferences in his favor." *Lesch v. Crown Cork & Seal Co.*, 282 F .3d 467, 471 (7th Cir. 2002).

## II. Railey Had Probable Cause to Arrest Castillo

"It is well settled that the actual existence of probable cause to arrest precludes a § 1983 suit for false arrest." *Juriss v. McGowan*, 957 F.2d 345, 349 n. 1 (7th Cir. 1992) (citations omitted). Indeed, "a person arrested with probable cause cannot cry false arrest" *Id.* Thus, if Defendant had probable cause to arrest Plaintiff, her Section 1983 claim is barred.

"In order to have probable cause for an arrest, law enforcement agents must reasonably believe, in light of the facts and circumstances within their knowledge at the time of the arrest, that the suspect had committed or was committing an offense." *Payne v. Pauley*, 337 F.3d 767, 775 (7th Cir. 2003), citing *United States v. Hayes*, 236 F.3d 891, 894 (7th Cir. 2001). "The test is an objective one and evaluates whether probable cause existed on the facts as they appeared to a reasonable police officer, even if the reasonable belief of that officer is ultimately found to be incorrect." *Id.* Probable cause is an appropriate determination for summary judgment "when there is no room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them." *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 473 (7th Cir. 1997) (citations omitted). Where probable cause exists, a police officer may arrest a person for a minor offense – even one that is punishable only by fine. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354, 121 S. Ct. 1536, 149 L. Ed. 2d 549 (2001).

Defendant argues that there was probable cause to arrest Plaintiff for making a false application for a driver's license. The Court agrees. Here, the undisputed facts show that Officer

4

Railey had probable cause to arrest Plaintiff. Plaintiff presented an original social security card; a Cook County, Illinois birth certificate; and a driver's license from Puerto Rico in connection with her application for an Illinois driver's license. Railey reviewed the documents after Soderberg brought them to his attention because she was concerned about their validity. Although there is an issue of fact regarding whether Railey observed that the social security card had a pen and ink change on it, the parties do not dispute that some of the numbers located on Castillo's driver's license were not printed and were difficult to read. The parties further do not dispute that Officer Railey had never seen the format of Castillo's Peurto Rico driver's license the day he arrested her. Based on this documentation, Railey reasonably believed at the time of the arrest that Castillo was making a false application and arrested her.

Plaintiff argues that Soderburg had informed Defendant that Puerto Rico had changed the format of its licenses, and that Defendant had a book in his vehicle with sample licenses to check the new format. Defendant did not check the book until after he arrested Plaintiff. Plaintiff also argues that Defendant should have asked her further questions or asked her for additional identification before arresting her. It is clear, however, that "[o]nce a police officer discovers sufficient facts to establish probable cause, she has no constitutional obligation to conduct any further investigation in the hope of discovering exculpatory evidence." *Hodgkins v. Peterson*, 355 F.3d 1048, 1061 (7th Cir. 2004). Indeed, "the fact that the officer later discovers additional evidence unknown to her at the time of the arrest is irrelevant to whether probable cause existed at the crucial time." *Qian v. Kautzi*, 168 F.3d 949, 953-54 (7th Cir. 1999) (citing *Hirsch v. Burke*, 40 F.3d 900, 904 (7th Cir. 1994).

Plaintiff's reliance on *Gaines v. City of Harvey*, No. 01 C 66682003 WL 124431 (N.D.

Ill. Jan. 13, 2003), is misplaced. In *Gaines*, the Court denied summary judgment on the basis that a genuine issue of material fact existed as to whether the officers had probable cause to arrest the plaintiff for violation of an order of protection that did not apply to the plaintiff. If the officers had read the order of protection which was in their possession, they would have seen that it did not apply to the plaintiff. Here, there is no dispute as to Plaintiff's Puerto Rican driver's license as described above. Officer Railey objectively had reason to believe that Plaintiff was submitting fraudulent documents in connection with her Illinois driver's license application.

## II. Defendant's Legal Basis for Arrest Was Appropriate

Plaintiff's argument that a material issue exists regarding the underlying statutory legal basis for the arrest is also without merit. In Illinois, it is a Class 4 felony to "display or present any document for the purpose of making application for an Illinois Identification Card ... knowing that such document contains false information concerning the identity of the applicant." 15 ILCS 335/14C (2002). Plaintiff contends that a driver's license is not an identification card. Section 14 of the statute, however, states that "'identification card' means any document made or issued by or under the authority of the United States Government, the State of Illinois or any other State or political subdivision thereof, or any governmental or quasi-governmental organization that, when completed with information concerning the individual, is of a type intended or commonly accepted for the purpose of identifying the individual." 15 ILCS 335/14(a-5). A driver's license squarely falls within this definition.

## III. Defendant Is Protected by Qualified Immunity

Even if Defendant did not have probable cause to arrest Plaintiff, he is entitled to summary judgment on the defense of qualified immunity. Under the doctrine of qualified

immunity, an officer is immune from liability if his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Police officers are not required to be legal scholars." *Williams v. Jaglowski*, 269 F.3d 778, 783 (7th Cir. 2001). "Because qualified immunity protects all but the plainly incompetent or those who knowingly violate the law, a law enforcement officer will be immune to claims based on an arrest without probable cause unless it is obvious that no reasonably competent officer would have believed that there was probable cause to arrest." *Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 2000) (citation omitted). The Seventh Circuit has referred to this inquiry "as asking whether the officer had 'arguable' probable cause:"

> Arguable probable cause exists when "a reasonable police officer in the same circumstances and with the same knowledge and possessing the same knowledge as the officer in question could have reasonably believed that probable cause existed in light of well-established law." *Gold*, 121 F.3d at 1445 (citation omitted). Officers are entitled to summary judgment on qualified immunity grounds if their actions were not objectively unreasonable at the time they were taken. *Lee*, 136 F.3d at 102. The court should ask if the officer acted reasonably under settled law in the circumstances, not whether another reasonable, or more reasonable, interpretation of the events can be constructed several years after the fact. *Hunter*, 502 U.S. at 228, 112 S. Ct. at 537.

*Humphrey v. Staszak*, 148 F.3d 719, 725 (7th Cir. 1998).

Defendant Railey had arguable probable cause here, at the least. Based on the quality of the documents Castillo submitted to Soderberg, a reasonable officer could have believed that Castillo had submitted a false document when applying for an Illinois drivers's license. Railey, therefore, was not acting contrary to clearly established law when he arrested Castillo, and is entitled to qualified immunity. Castillo has not cited any authority to the contrary.

## CONCLUSION

Accordingly, Defendant's motion for summary judgment is granted.

Dated: April 26, 2004   ENTERED

_____
AMY J. ST. EVE
United States District Court Judge